# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY D. BROWN, <br>     Plaintiff, <br> v. <br> BATREZ, <br>     Defendants. | Case No. 2:18-cv-01545-SJO (GJS) <br><br> **ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

On February 26, 2018, while he was still incarcerated, Plaintiff filed a civil rights complaint under 42 U.S.C. § 1983 [Dkt. 1, "Complaint"]. On March 1, 2018, Plaintiff was granted leave to proceed without prepayment of the full filing fee [Dkt. 5]. On March 9, 2018, Plaintiff filed a notice advising that he had been released from custody [Dkt. 6].

On April 19, 2018, United States Magistrate Judge Gail J. Standish issued a Report and Recommendation, in which she recommended that Claim I be dismissed against Defendants Curiel, Estrada, Fordham, and Stratman without leave to amend and that Claim II be dismissed with leave to amend [Dkt. 8]. Plaintiff did not file objections or otherwise respond to the Report and Recommendation. On May 24, 2018, the Court issued an Order accepting the Report and Recommendation and as a result of that Order, the Complaint now consists solely of an Eighth Amendment

excessive force claim pleaded against Defendant Batrez [Dkt. 9].

On May 25, 2018, Magistrate Judge Standish issued an Order directing Plaintiff to advise whether or not he wished to have the U.S. Marshals Service effect service of process on Plaintiff's behalf [Dkt. 10]. Plaintiff's response was due by June 24, 2018. Plaintiff did not respond to the May 25, 2018 Order.

On July 10, 2018, Magistrate Judge Standish issued another Order, in which she noted Plaintiff's noncompliance with the May 25, 2018 Order and stated that she would deem "Plaintiff's silence to mean that he will pursue service of process on his own" [Dkt. 11]. The July 10, 2018 Order further advised Plaintiff as follows:

> Plaintiff is reminded that, under Rule 4(m) of the Federal Rules of Civil Procedure, service of process must be completed **by no later than August 22, 2018**. The failure to meet this deadline may result in a dismissal of this action without prejudice under Rule 4(m).

Plaintiff did not respond to the July 10, 2018 Order. The Rule 4(m) deadline for service of process expired on August 22, 2018, and Defendant Batrez has not responded to the Complaint.

On August 23, 2018, Magistrate Judge Standish issued an Order To Show Cause, which recounted the above events and directed Plaintiff to file a response by no later than September 14, 2018, describing what steps (if any) he had taken to effect service of process on Defendant Batrez [Dkt. 12, "OSC"]. The OSC noted that, "[a]bsent a timely response establishing good cause for the apparent lack of service of process, this action may be dismissed under Rule 4(m) and/or Rule 41(b)" and warned Plaintiff as follows:

> Plaintiff is cautioned that the failure to comply with this Order and file a timely response by September 14, 2018 will result in a presumption that Plaintiff no longer wishes to pursue this case, and thus case may be dismissed without prejudice.

It is now past the September 14, 2018 deadline and Plaintiff has not responded to the OSC. Indeed, Plaintiff has not communicated with the Court since his March 9, 2018 address change notice, and he has ignored every Order issued in

this case. Given the above-recounted circumstances and the ample warnings given Plaintiff about dismissal if he did not act, the Court assumes that he no longer wishes to pursue this case.

Rule 4(m) of the Federal Rules of Civil Procedure provides that, if service of the summons and complaint is not made upon a defendant within 90 days of the filing the operative complaint, federal district courts have the authority to *sua sponte* dismiss an action without prejudice, after notice to the plaintiff. *See generally Crowley v. Bannister*, 734 F.3d 967, 975 (9th Cir. 2013) (requiring district courts to give notice to plaintiff before dismissing under Rule 4(m)). If, however, a plaintiff shows good cause for the failure to serve the complaint within that period, the Court must extend the time for accomplishing service. Fed. R. Civ. P. 4(m). The burden of establishing good cause is on the plaintiff. *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007). The "good cause" exception to Rule 4(m) applies "only in limited circumstances" and is not satisfied by "inadvertent error or ignorance of the governing rules." *Hamilton v. Endell*, 981 F.2d 1062, 1065 (9th Cir. 1992). "Pro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987); *see also Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (*per curiam*) (failure of *pro se* litigant to follow procedural rules justified dismissal of civil rights action).

The Rule 4(m) period expired on August 22, 2018. Although Magistrate Judge Standish provided to Plaintiff the option to have the U.S. Marshals Service assist him in effecting service of process, Plaintiff ignored that offer. The July 10, 2018 Order reminded Plaintiff of the August 22, 2018 deadline and that dismissal could result if it was not met. There is no evidence that Defendant Batrez has been served with process, as pointed out in the OSC, which also provided Plaintiff with the requisite notice that dismissal might follow under Rule 4(m) unless he responded to the OSC. Given the repeated warnings given to Plaintiff coupled with his failure to take any action in this case since right after it was filed, the Court must assume

3

that no service of process has occurred and that Plaintiff has no interest in pursuing this action. Accordingly, dismissal pursuant to Rule 4(m) is appropriate.

In addition, Rule 41(b) of the Federal Rules of Civil Procedure grants federal district courts the authority to *sua sponte* dismiss actions for failure to prosecute. *Link v. Wabash R. Co.*, 370 U.S. 626, 629-30 (1962). In determining whether dismissal for lack of prosecution is proper, a court must weigh several factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring the disposition of cases on their merits. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006).

In this case, only the fifth factor, the general policy favoring resolution of cases on the merits, arguably could favor retention of this action on the Court's docket. The remaining factors, however, do not.

Plaintiff's noncompliance with his service of process obligations and with the Orders recounted earlier necessarily implicates both the public interest in the expeditious resolution of litigation and the Court's need to manage its docket efficiently, the first and second factors. *See In re PPA Prods. Liab. Litig.*, 460 F.3d at 1227; *see also Yourish v. California Amplifier*, 191 F.3d 983, 990-91 (9th Cir. 1999). Plaintiff's failure to respond to *any* Order issued in this case has caused the case to come to a standstill, impermissibly allowing Plaintiff, rather than the Court, to control the pace of the proceedings in this case.

The third factor—possible prejudice to the opposing party—is, at best, neutral to Plaintiff. The Complaint against Batrez is based on events alleged to have occurred in April 2017. While there is no evidence that Plaintiff's actions have resulted in any actual prejudice to Defendant Batrez as yet, "[t]he law … presumes prejudice from unreasonable delay." *In re PPA Prods. Liab. Litig.*, 460 F.3d at 1227.

In addition, the fourth factor favors dismissal.  The May 25, 2018 Order and the OSC specifically admonished Plaintiff that his failure to comply with Rule 4(m) might result in the dismissal of this action.  Having been so cautioned, yet having ignored those Orders and done nothing to satisfy his service of process obligations, it appears that Plaintiff has no interest in pursuing this case.  Under these circumstances, dismissal is appropriate.

A balancing of these factors thus leads to the conclusion that dismissal without prejudice, pursuant to Rule 41(b), is warranted.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1263 (9th Cir. 1992) (dismissal appropriate when strongly supported by three factors); *Malone v. United States Postal Serv.*, 833 F.2d 128, 133 n.2 (9th Cir. 1987) (dismissal appropriate when supported by four factors).

Accordingly, for the foregoing reasons, IT IS ORDERED that this case is dismissed without prejudice, pursuant to Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

DATED:  9/25/18

_____
S. JAMES OTERO
UNITED STATES DISTRICT JUDGE

Presented by:

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE